IN THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **PML CLUBS, INC.,**<br><br>　　　　**Plaintiff,**<br>　vs.<br><br>**C & G OF GROTON, INC.,**<br><br>　　and<br><br>**RCG OF GROTON, INC.,**<br><br>　　　　**Defendants.** | **CIVIL ACTION NO.:**<br><br><br>December 11, 2012<br><br><br>**COMPLAINT FOR MONETARY AND INJUNCTIVE RELIEF** |

**COMPLAINT FOR MONETARY AND INJUNCTIVE RELIEF**

　　　Plaintiff, PML Clubs, Inc., by its attorneys, and for its *Complaint* against the above-named Defendants, hereby alleges as follows:

**THE PARTIES**

　　　1.　　Plaintiff is a corporation, organized under the laws of State of Delaware, with a principal business office in Myrtle Beach, South Carolina.

　　　2.　　Upon information and belief, Defendant, C & G of Groton, Inc. ("C & G"), is a corporation, organized under the laws of the State of Connecticut, with a principal place of business in Groton, Connecticut, which may be served through its principal officers or registered agent therein.

　　　3.　　Upon information and belief, Defendant, RCG of Groton, Inc. ("RCG"), is a corporation, organized under the laws of the State of Connecticut, with a principal place of business in Groton, Connecticut, which may be served through its principal officers or registered agent

therein.

## NATURE OF ACTION

4.      This is an action for federal service mark infringement, unfair competition, and false designation of origin, under the Trademark Act of 1946, as amended [*The Lanham Act*, 15 U.S.C. § 1051 *et seq*.], arising from the use, by Defendants, of the names and marks, "GOLD CLUB," "THE GOLD CLUB," "GOLD CLUB GROTON," "GOLD CLUB OF GROTON," "GOLD CLUB CABARET," "GOLD CLUB AFTER DARK," and a side-facing Griffin Design, for adult-oriented cabaret, bar, restaurant, and/or nightclub services, in violation of Plaintiff's incontestable, federally-registered rights in and to "THE GOLD CLUB" service mark, and Plaintiff's federal common law rights in its side-facing Griffin Design.

## JURISDICTION

5.      This Court has jurisdiction over this action, under 15 U.S.C. § 1121(a) and 28 U.S.C. § 1331 [actions arising under the Federal Trademark Act], and 28 U.S.C. §§ 1338(a) and (b) [acts of Congress relating to trademarks, and unfair competition claims joined therewith].

## VENUE

6.      Venue is proper in this District and Division, under 28 U.S.C. § 1391(b) and (c).

## STATEMENT OF FACTS

### Plaintiff and the Rights at Issue

7.      Plaintiff is, and Plaintiff's predecessors and/or shareholders have long been, engaged in the business of providing bar, cabaret, restaurant, and nightclub services, directly or through licensees, in upscale gentlemen's clubs throughout the country. Plaintiff was incorporated in 2007, but the origin of its relevant business dates back to 1987, when a gentlemen's club bearing THE

GOLD CLUB designation opened in Atlanta, Georgia.  This establishment, where one of Plaintiff's shareholders was a manager, achieved national renown by the late-1990's, and, upon information and belief, was one of the most successful gentlemen's clubs in U.S. history up to that time.  However, in or around November 1999, scandal overtook success, and ultimately, THE GOLD CLUB ceased operations in Atlanta, and was closed, on or about August 1, 2001.

8. On August 13, 2001, Plaintiff's predecessor filed an application to register THE GOLD CLUB service mark with the United States Patent and Trademark Office ("PTO"), under Serial No. 76/298,869, to ensure that rights in the mark would not be lost, or captured by a third party, following the closure of the Atlanta establishment.  The application was filed under Section 1(b) of the Trademark Act [15 U.S.C. § 1051(b)], based on an intent to use the mark in commerce, for, and in connection with, "bar, cabaret, and restaurant services," in International Class 42, and Plaintiff's predecessor began using the mark in interstate commerce thereunder, for a gentlemen's club in Beaumont, Texas, at least as early as March 4, 2004.  The application was granted on June 8, 2004; the mark was registered, under U.S. Reg. No. 2,851,304; and, the registration was assigned to Plaintiff on September 13, 2007, together with the goodwill of the business to which the mark pertains, and the right to sue for past infringements.  A certified copy of the registration, showing title in the name of Plaintiff, and current status, is attached hereto as *Exhibit 1*.

9. The registration shown in *Exhibit 1* is valid and subsisting, and remains in full force and effect, as evidence of Plaintiff's exclusive right to use THE GOLD CLUB mark for, and in connection with, the services specified therein.  Additionally, the registration has become "incontestable," under 15 U.S.C. § 1065.

10. Plaintiff has continued to expand its business under THE GOLD CLUB mark, and

currently licenses establishments providing bar, cabaret, restaurant, and nightclub services thereunder, in, *inter alia*, Texas, Philadelphia, North Carolina, South Carolina, New Hampshire, Delaware, and Florida. Plaintiff plans to continue this expansion aggressively, and is entitled to do so, by virtue of its federal trademark rights. Examples of Plaintiff's use of THE GOLD CLUB mark, alone, and with additional verbiage and designs, including Plaintiff's side-facing Griffin Design, are attached hereto as *Exhibit 2*.

11.     Plaintiff has invested substantial time, money, and effort in the development, enhancement, advertisement, promotion, and marketing of services under THE GOLD CLUB designation, and side-facing Griffin Design, and in the protection of THE GOLD CLUB mark. As a result of these efforts; the goodwill built up by Plaintiff in the marks thereby; the consistent, high quality of services rendered thereunder; and, the goodwill developed by Plaintiff's predecessors therein, THE GOLD CLUB mark, and side-facing Griffin Design are Plaintiff's most valuable assets. Members of the public, and relevant consumers, recognize these marks as designating gentlemen's clubs of the highest quality, known for clean, upscale interiors, beautiful women, gourmet food, excellent service, the finest V.I.P. experience, and a "wild streak," inherited from the original Atlanta location, which originate exclusively from Plaintiff or its licensees.

12.     Pursuant to 15 U.S.C. § 1057(c), the filing of U.S. Application Serial No. 76/298,869 by Plaintiff's direct predecessor on **August 13, 2001** under the intent-to-use provisions of the Trademark Act, constituted constructive use of THE GOLD CLUB service mark, conferring a right of priority, nationwide in effect, against all other would-be users of the mark, or any mark confusingly similar thereto, for the services specified in the application, or goods or services highly-related thereto, and no third party could lawfully acquire any rights in the mark, including state or

common law rights, after that date. Thus, any party that began using such a mark after August 13, 2001, at the latest, is a "junior user" *vis a vis* Plaintiff.

13.     At no time has Plaintiff licensed or otherwise authorized Defendants to use THE GOLD CLUB mark, the side-facing Griffin Design, or any marks confusingly similar thereto, in connection with services covered by Plaintiff's aforementioned federal registration, in connection with goods or services unrelated thereto, or as a trade name or assumed business name, in whole or part.

## Defendants' Unlawful Conduct

14.     Notwithstanding Plaintiff's prior federal statutory rights in and to THE GOLD CLUB mark, and prior federal common law rights in the side-facing Griffin Design, Defendants knowingly adopted, have used, and continue to use, in commerce, the names and marks, "GOLD CLUB," "THE GOLD CLUB," "GOLD CLUB GROTON," "GOLD CLUB OF GROTON," "GOLD CLUB CABARET," and "GOLD CLUB AFTER DARK," alone, and with a side-facing Griffin Design, which infringe upon, and violate, Plaintiff's aforesaid rights, to identify, advertise, and promote Defendants' cabaret, bar, restaurant, and/or nightclub services, at a pair of adjacent or co-located gentlemen's clubs in Groton, Connecticut, and as trade names therefor. Upon information and belief, Defendant C & G of Groton, Inc. began using these designations for such services no earlier than May 2005, and Defendant RCG of Groton, Inc., began using same no earlier than August 2006, when the respective businesses were incorporated. Each of these dates follow the date of Plaintiff's nationwide constructive first use of THE GOLD CLUB mark; the date of Plaintiff's nationwide, federal priority in same; and, the date of first use of Plaintiff's side-facing Griffin Design. Examples of Defendants' use of these infringing designations are appended hereto as *Exhibit 3*.

15.     Upon information and belief, Defendants have continued to use the aforesaid names and marks with full knowledge, and actual notice, of Plaintiff's predecessor's prior ownership of THE GOLD CLUB mark, and of the registration now held by Plaintiff therefor, in addition to the constructive notice received under 15 U.S.C. § 1057(c). Specifically, prior to the acts complained of herein, Plaintiff's predecessor issued a limited, nonexclusive license to a corporation in Hartford, Connecticut, to use THE GOLD CLUB mark at a single location therein, and said corporation shares one or more officers with Defendants. However, this license was personal to the Hartford company, and did not authorize persons affiliated therewith to form additional corporations years later and use the mark at new locations, or in other cities. Moreover, on June 13, 2012, upon learning that infringing marks were being used at the Groton establishments, Plaintiff sent a letter to one of these common officers, and to the General Manager of the Groton locations, demanding that Defendants desist and refrain from using THE GOLD CLUB mark therein, or any mark confusingly similar thereto. A second such letter was dispatched on July 18, 2012, and although Defendants thereafter engaged an attorney, with whom Plaintiff attempted to negotiate between August 2, 2012 and November 9, 2012, all efforts by Plaintiff to resolve this matter amicably have been rebuffed. True copies of exemplary correspondence from Plaintiff to Defendants, and to their counsel, are attached hereto as *Exhibit 4*.

16.     The designations used by Defendants, as aforesaid, for their adult cabaret, restaurant, and/or nightclub services, are identical or virtually identical to Plaintiff's registered and common law marks, in appearance, pronunciation, meaning, and commercial impression, or incorporate Plaintiff's marks it their entireties. Additionally, the services provided by Plaintiff and Defendants under their respective names and marks are identical; are marketed to the same class of consumers; and, are

advertised and promoted through the same channels of trade.

17. Plaintiff's service mark, "THE GOLD CLUB," is inherently distinctive as used in connection with Plaintiff's services, and is entitled to an incontestable presumption of distinctiveness and registrability under 15 U.S.C. § 1065. Plaintiff's side-facing Griffin Design is also inherently distinctive as used in connection with Plaintiff's services.

18. Upon information and belief, Defendants' activities, as complained of herein, were and continue to be conducted willfully, in order to trade on the goodwill of Plaintiff, or with reckless disregard for Plaintiff's trademark rights, with both actual knowledge, and constructive knowledge, under 15 U.S.C. § 1072, that such conduct was and remains unlawful, and in contravention of Plaintiff's rights, and would likely confuse, mislead, and/or deceive an appreciable number of relevant consumers as to the source, affiliation, and sponsorship of the services emanating from Defendants and/or Plaintiff, resulting in direct injury to Plaintiff's reputation and goodwill. Indeed, such confusion is not merely "likely" – it has actually occurred. As shown in the true copy of an electronic mail communication attached hereto as *Exhibit 5*, redacted to protect personal information, a member of the public contacted Plaintiff on November 13, 2012 about employment opportunities at Defendants' Groton establishments.

19. Defendants' adoption and use of their alleged "GOLD CLUB," "THE GOLD CLUB," "GOLD CLUB GROTON," "GOLD CLUB OF GROTON," "GOLD CLUB CABARET," and "GOLD CLUB AFTER DARK," names and marks, in the manners above-described, constitute service mark infringement, unfair competition, and false designations of origin under federal law. Additionally, Defendants' adoption and use of a mark almost identical to Plaintiff's side-facing Griffin Design, constitutes infringement of Plaintiff's unregistered Griffin Design mark, and unfair

competition and false designation of origin under federal law.

20. Defendants' conduct has caused, and if allowed to continue will continue to cause, irreparable damage to Plaintiff's business, reputation, and goodwill, and Plaintiff has no adequate remedy at law.

## COUNT I

**(Infringement of a Federally-Registered Service Mark Under 15 U.S.C. § 1114)**

**[Against All Defendants]**

21. Plaintiff repeats and reasserts the allegations set forth in Paragraphs 1-20 hereinabove, as if fully set forth in this Paragraph 21.

22. This Count, arising under Section 32 of the *Lanham Act* [15 U.S.C. § 1114], is for infringement of a service mark registered to Plaintiff in the United States Patent and Trademark Office.

23. Defendants' alleged names and marks are identical or nearly identical to Plaintiff's THE GOLD CLUB mark, and have caused, and will likely continue to cause, confusion, mistake, and/or deception as to the source or origin of Defendants' services, in that the public, and others, are likely to believe that Defendants' services are provided by, sponsored by, approved by, licensed by, affiliated with, or in some other way legitimately connected to Plaintiff, all to Plaintiff's irreparable harm.

24. Defendants have been requested to cease and desist from infringing Plaintiff's mark, but have rebuffed all such requests.

25. Defendants, by their above-enumerated acts, have willfully and knowingly violated and infringed Plaintiff's rights in the aforesaid federally registered mark, and Defendants threaten

to further violate and infringe Plaintiff's said rights.

26. As a direct result of Defendants' infringing activities, and threatened continued infringement, Plaintiff has suffered, and will continue to suffer, damages in an amount presently unknown, and to be ascertained at trial.

27. Said acts of infringement, and threatened continued infringement, will cause further irreparable injury to Plaintiff and the public unless enjoined by this Court, and Plaintiff has no adequate remedy at law.

## COUNT II

### (Infringement of an Unregistered Mark, Unfair Competition and False Designation of Origin Under 15 U.S.C. § 1125(a))

### [Against All Defendants]

28. Plaintiff repeats and reasserts the allegations set forth in Paragraphs 1-20 and 22-27 hereinabove, as if fully set forth in this Paragraph 28.

29. This Count, arising under Section 43(a) of the *Lanham Act* [15 U.S.C. §1125(a)], is for infringement of an unregistered mark; unfair competition; and false designations of origin.

30. Plaintiff's mark, "THE GOLD CLUB," has become uniquely associated with Plaintiff, and identifies Plaintiff, and its services, to the public.

31. Plaintiff's unregistered, side-facing Griffin Design mark is inherently distinctive as applied to Plaintiff's services, and has acquired secondary meaning, in that it has become uniquely associated with Plaintiff, and identifies Plaintiff, and its services, to the public.

32. Defendants' provision, sale, offering for sale, and advertising, of services which are identical and highly-related to those of Plaintiff, in connection with marks which are identical, and/or

virtually identical to Plaintiff's marks, comprise infringement of Plaintiff's unregistered, side-facing Griffin Design mark, and unfair competition under 15 U.S.C. § 1125(a), through the passing off of Plaintiffs' marks for marks of Defendants, in ways that are false, misleading, and misrepresent the nature, characteristics and qualities of Plaintiffs' services.

33. Defendants' provision, sale, offering for sale, and advertising, of services which are identical and highly-related to those of Plaintiff, in connection with marks identical, and/or virtually identical to Plaintiff's marks, comprise false designations of origin as to the services provided by Defendants, and constitute false and misleading representations, in violation of 15 U.S.C. § 1125(a).

34. As a direct and proximate result of Defendants' acts of unfair competition and false designations of origin, Plaintiff has suffered and will continue to suffer damages in an amount presently unknown, and to be determined at trial.

35. Said acts of infringement, unfair competition, and false designations of origin will cause further irreparable injury to Plaintiff unless enjoined by this Court, and Plaintiff has no adequate remedy at law.

**WHEREFORE**, Plaintiff demands:

1. That Defendants, their officers, shareholders, directors, agents, servants, employees, attorneys, representatives, successors, assigns, parents, subsidiaries, related companies, and all other persons, firms, or corporations acting in concert with Defendants or in privity therewith, be forthwith permanently enjoined and restrained, from:

    A. Using the marks, "GOLD CLUB," "THE GOLD CLUB," "GOLD CLUB GROTON," "GOLD CLUB OF GROTON," "GOLD CLUB CABARET," "GOLD CLUB AFTER DARK," a Griffin Design, or any other name or mark confusingly similar to Plaintiff's marks, "THE

GOLD CLUB," and side-facing Griffin Design, or any reproduction, counterfeit, copy, or colorable imitation thereof, alone, or in connection with other words, names, styles, titles, logos, artwork, or designs, as service marks, trademarks, trade names, assumed business names, or otherwise, in connection with Defendants' services or goods, or the marketing, advertising, promotion or identification of same;

        B.     Representing Defendants to be the owners of, entitled to, or otherwise authorized to use the marks, "THE GOLD CLUB," a Griffin Design, or any other mark confusingly similar thereto, in connection with any service or product;

        C.     Applying said names or marks, or any such reproduction, counterfeit, copy, or colorable imitation thereof, to any document or thing, including to any business card, label, sign, Web site, domain name, or advertisement, in any medium, used in connection with Defendants' services or goods;

        D.     Performing any actions, or using any words, names, styles, titles, logos or marks, which are likely to cause confusion, or mistake, or to deceive, or to otherwise mislead the trade or the public into believing that Defendants and Plaintiff are in some way connected, affiliated, or associated with one another; that Plaintiff sponsors, supervises, or controls Defendants, or that Defendants' services originate with Plaintiff, or are offered with the approval, consent, authorization, or under the supervision thereof;

        E.     Otherwise competing unfairly with Plaintiff in any manner;

2.     That Defendants be required to pay to Plaintiff, compensatory damages for injuries sustained in consequence of the acts complained of herein, and that such damages be trebled, under 15 U.S.C. § 1117(a)(3), as a result of the willful acts described hereinabove, in disregard of

Plaintiff's known rights as aforesaid;

    3.    That Defendants be required to account for and pay over to Plaintiff, any and all gains, profits and advantages derived by Defendants from the activities complained of herein;

    4.    That this case be declared "exceptional" under 15 U.S.C. § 1117(a)(3), and that Defendants be required to pay to Plaintiff all of Plaintiff's litigation expenses, including reasonable attorneys' fees and the costs of this action;

    5.    That Defendants be required to deliver up for destruction all signage, goods, packaging, containers, stationery, advertisements, brochures, promotional materials, and all other materials of any kind bearing the marks, "GOLD CLUB," "THE GOLD CLUB," "GOLD CLUB GROTON," "GOLD CLUB OF GROTON," "GOLD CLUB CABARET," "GOLD CLUB AFTER DARK," a Griffin Design, or any other name, mark, or design, confusingly similar to Plaintiff's THE GOLD CLUB mark, together with all plates, molds, matrices and materials used for making or reproducing same; and,

    6.    That the Court provide Plaintiff with such other and further relief as the Court deems just and equitable.

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

RESPECTFULLY SUBMITTED:

Dated: December 11, 2012	By :   /s/Garrett S. Flynn
Garrett S. Flynn (Ct22071)
**Law Offices of Garrett S. Flynn, LLC**
10 North Main Street, Suite 316
West Hartford, CT 06107
Telephone: (860) 676-3148
Facsimile: (860) 674-0085
Email: gsf@flynn-law.com

**OF COUNSEL:**

Gregory H. Guillot
**Gregory H. Guillot, PC**
13455 Noel Road, Suite 1000
Dallas, TX 75240
Telephone: (972) 774-4560
Facsimile: (214) 515-0411
Email: ggmark@radix.net

*Attorneys for Plaintiff, PML Clubs, Inc.*